Esther C. Rodriguez, Esq.
Nevada Bar No. 6473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone: (702) 320-8400
Facsimile: (702) 320-8401
info@rodriguezlaw.com
Local Counsel for Plaintiff

Matthew S. Grimsley, Esq.
Ohio Bar No. 0092942 (*pro hac vice application forthcoming*)
Anthony J. Lazzaro, Esq.
Ohio Bar No. 0077962 (*pro hac vice application forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PARIS MCCOY, *On Behalf of Herself and All Others Similarly Situated*, | Case No. |
| Plaintiff, | **PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| FOUNDEVER OPERATING CORPORATION, f/k/a, Sitel Operating Corporation, | |
| Defendant. | |

Now comes Plaintiff Paris McCoy, by and through undersigned counsel, and for her

Complaint against Defendant Foundever Operating Corporation, f/k/a, Sitel Operating

1    Corporation, states and alleges the following:

2    <u>**INTRODUCTION**</u>

3         1.     This is a "collective action" instituted by Plaintiff as a result of Defendant's

4    practices and policies of not paying its non-exempt employees, including Plaintiff and other

5    similarly situated employees, for all hours worked, including overtime compensation at the rate of

6    one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each

7    workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

8         2.     Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to

9    remedy violations of the Nevada law, Nevada Revised Statute ("NRS"), §§ 608, et seq., including

10   NRS §§ 608.016, 608.018, 608.140.

11   <u>**JURISDICTION AND VENUE**</u>

12        3.     This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case

13   is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

14        4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

15   to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same

16   case or controversy.

17        5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's conducts

18   business throughout this District, and a substantial part of the events and omissions giving rise to

19   the claims occurred in this District.

20   <u>**PARTIES**</u>

21        6.     At all material times, Plaintiff is and was a citizen of the United States and a resident

22   of Las Vegas (Clark County), Nevada.

23        7.     At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. §

203(e) and NRS § 608.010.

8.      At all material times, Defendant is and was a corporation for profit with a headquarters and principal place of business located at: 600 Brickell Avenue, Suite 3200 Miami, Florida 33131.

9.      Defendant may be served with process by serving its registered agent and/or authorized representative of service of process in the State of Nevada: Corporation Service Company, 112 North Curry Street, Carson City, Nevada 89703.

10.     At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d) and NRS § 608.011.

11.     At all material times, Defendant is and was an enterprise within the meaning of 29 U.S.C. § 203(r).

12.     At all material times, Defendant is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), and has enjoyed a yearly gross revenue in excess of $500,000.

13.     At all material times, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14.     Plaintiff's written consent to this action is attached as Exhibit 1.

15.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16.     Defendant, a customer experience company, provides outsourced customer service for various companies across the United States.

17.     Defendant employs customer service representatives, including insurance customer service representatives (hereinafter "customer service representatives"), some of whom work at call centers, and others who work remotely but otherwise perform the same tasks as the customer service representatives who work at Defendant's call centers.

18.     Plaintiff was employed by Defendant as a customer service representative from approximately April 2023 through October 2023. As a customer service representative for Defendant, Plaintiff worked remotely in Las Vegas, Nevada.

19.     Other similarly situated current and former employees of Defendant were employed as customer service representatives or performed the same or substantially similar functions and duties as customer service representatives.

20.     Plaintiff and other similarly situated employees had the same and/or substantially similar job duties and responsibilities and were subjected to the same policies and procedures during their employment with Defendant.

21.     Plaintiff and other similarly situated employees of Defendant are/were non-exempt employees under the FLSA.

22.     Plaintiff and other similarly situated employees of Defendant are/were paid an hourly wage.

23.     Plaintiff and other similarly situated employees were scheduled to work 40 hours per workweek.

24.     Plaintiff and other similarly situated employees of Defendant regularly worked more than 40 hours per workweek.

25.     Plaintiff estimates that, on average, she worked between approximately 43 and 45 hours per workweek during her employment with Defendant.

**(Failure to Pay for Time Spent Starting and Logging Into**

**Computer Systems, Applications, and Phone System)**

26.     Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, software applications, and phone system.

27.     Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

28.     Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

29.     This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

30.     There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, and phone system.

31.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

32.     Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and phone system.

33.     Plaintiff estimates that, on average, she spent approximately 30 minutes before her shift start times starting and logging into Defendant's computer systems, software applications,

1   and phone system each workday, which time was in addition to the hours she was scheduled to

2   work, and thus, in addition to the 40 or more hours per week she spent working her scheduled

3   shifts.

4        34.     Plaintiff and other similarly situated employees were required to work off-the-clock

5   before their scheduled shift start time in order to perform this unpaid work.

6        **(Failure to Pay for Time Spent on Post-Shift Calls, Shutting**

7        **Down Computer Systems, Applications, and Phone System)**

8        35.     Plaintiff and other similarly situated employees were required by Defendant to

9   perform unpaid work after their shift ended each day including but not limited to shutting down

10  and logging out of Defendant's computer systems, software applications, and phone system.

11       36.     Defendant arbitrarily failed to count this work performed by Plaintiff and other

12  similarly situated employees as "hours worked."

13       37.     Plaintiff and other similarly situated employees performed this unpaid work every

14  workday, and it constituted a part of their fixed and regular working time.

15       38.     This unpaid work performed by Plaintiff and other similarly situated employees

16  was practically ascertainable to Defendant.

17       39.     There was no practical administrative difficulty of recording this unpaid work of

18  Plaintiff and other similarly situated employees.  It could have been precisely recorded for payroll

19  purposes simply by allowing them to clock out after shutting down Defendant's computer systems,

20  applications, and phone system and before and after other meetings and work time.

21       40.     This unpaid work performed by Plaintiff and other similarly situated employees

22  constituted a part of their principal activities, was required by Defendant, and was performed for

23  Defendant's benefit.

41.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

42.     Plaintiff and other similarly situated employees were required to continue working off-the-clock after their scheduled shift stop time in order to perform this unpaid work.

**(Failure to Pay for Time Spent Working but not Logged In)**

43.     Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

44.     Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system.

45.     Plaintiff and similarly situated employees were not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and phone system.

**(Failure to Pay Overtime Compensation)**

46.     As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

47.     The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above (including booting up/logging into Defendant's computer system, applications, and phone system, and shutting down Defendant's computer system, applications, and phone system) was in addition to the 40 or more hours they worked while clocked-in for their scheduled shift each week, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly pay rate.

**(Defendant Willfully Violated the FLSA)**

48.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

49.     Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

50.     Defendant had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform work while not-clocked in (including booting up/logging into Defendant's computer system, applications, and phone system, and shutting down Defendant's computer system, applications, and phone system) and not compensating them for time spent performing such work.

51.     Defendant knew that Plaintiff and other similarly situated employees were performing the unpaid work referenced above because Defendant required them to perform it, supervisors observed them performing it, and employees, including Plaintiff, complained to supervisors about the amount of time it took to perform the unpaid work referenced above, but no remedial actions were taken by Defendant. Instead, Defendant continued to not record or otherwise count, as "hours worked", the time Plaintiff and other similarly situated employees spent working while not logged into its call programs, and continued its practice of failing to pay Plaintiff and other similarly situated employees for time spent working while not logged into the call programs or any other time spent working to log in or out of Defendant's computer systems, applications, and phone system.

52.     Defendant, who determined the work schedules of Plaintiff and other similarly situated employees, also knew that the time Plaintiff and other similarly situated employees spent performing such unpaid work was in addition to the 40 hours or more that Defendant scheduled

1  them to work, and thus, knew that Plaintiff and other similarly situated employees should have

2  been paid overtime compensation for such unpaid work.

3        53.    Defendant knew or should have known that its policies and practices violate the

4  law, and Defendant did not make and has not made a good faith effort to comply with the FLSA.

5  Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out

6  its illegal pattern and practice of not paying its hourly employees, including customer service

7  representatives, for all hours worked, including time spent working while not logged into

8  Defendant's call programs. Defendant's method of paying Plaintiff was not based on a good faith

9  and reasonable belief that its conduct complied with the law.

10  **COLLECTIVE ACTION ALLEGATIONS**

11        54.    Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C.

12  § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

13  adversely affected by Defendant's unlawful conduct.

14        55.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right

15  to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a

16  member, is composed of and defined as follows:

17            All former and current full-time customer service representatives

18            and persons with jobs performing substantially identical functions

19            and/or duties as customer service representatives employed by

20            Defendant in the United States for at least one week at any and all

21            times between three (3) years prior to the filing of this suit and the

22            date of final judgment in this matter ("FLSA Class").

23        56.    Plaintiff is unable to state at this time the exact size of the potential class, but upon

1   information and belief, avers that it consists of more than 500 persons.

2       57.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

3   216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

4   costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

5   similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff

6   is representative of those other employees and is acting on behalf of their interests as well as her

7   own in bringing this action.

8       58.     These similarly situated employees are known to Defendant and are readily

9   identifiable through Defendant's records.  These individuals may readily be notified of this action

10  and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

11  their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs

12  under the FLSA.

13              **NEVADA CLASS ACTION ALLEGATIONS**

14      59.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3)

15  on behalf of herself and all other members of the class defined as:

16              All former and current full-time customer service representatives

17              and persons with jobs performing substantially identical functions

18              and/or duties as customer service representatives employed by

19              Defendant in the Nevada for at least one week at any and all times

20              between three (3) years prior to the filing of this suit and the date of

21              final judgment in this matter ("Nevada Class").

22      60.     The Nevada Class is so numerous that joinder of all class members is impracticable.

23  Plaintiff is unable to state at this time the exact size of the potential Nevada Class, but upon

1   information and belief, it consists of at least 100 persons.

2       61.     There are questions of law or fact common to the Nevada Class, including but not

3   limited to the following: (a) whether Defendant failed to pay its customer service representatives

4   for time they were required to spend working while not completely logged into its computer

5   systems, software applications, and/or phone system; (b) whether Defendant failed to its customer

6   service representatives overtime compensation to its customer representatives for hours worked in

7   excess of 40 each workweek; and (c) what amount of monetary relief will compensate Plaintiff

8   and other members of the Nevada Class for Defendant's violation of NRS §§ 608.016 and 608.018.

9       62.     The claims of the named Plaintiff are typical of the claims of other members of the

10  Nevada Class. Named Plaintiff's claims arise out of the same uniform course of conduct by

11  Defendant and are based on the same legal theories as the claims of the other Nevada Class

12  members.

13      63.     The named Plaintiff will fairly and adequately protect the interests of the Nevada

14  Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other

15  Nevada Class members. The named Plaintiff's counsel has broad experience in handling class

16  action wage-and-hour litigation and is fully qualified to prosecute the claims of the Nevada Class

17  in this case.

18      64.     The questions of law or fact that are common to the Nevada Class predominate over

19  any questions affecting only individual members. The primary questions that will determine

20  Defendant's liability to the Nevada Class, listed above, are common to the class as a whole, and

21  predominate over any questions affecting only individual class members.

22      65.     A class action is superior to other available methods for the fair and efficient

23  adjudication of this controversy. Requiring Nevada Class members to pursue their claims

1   individually would entail a host of separate suits, with concomitant duplication of costs, attorneys'

2   fees, and demands on court resources. Many Nevada Class members' claims are sufficiently small

3   that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

4   individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be

5   adjudicated for all class members with the efficiencies of class litigation.

6                                   **<u>COUNT ONE</u>**

7                           **(Violations of Fair Labor Standards Act)**

8          66.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

9   herein.

10         67.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

11  employees for work performed before clocking in and/or after clocking out each day violated the

12  FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

13         68.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

14  employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. §

15  785.24.

16         69.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

17  employees overtime compensation at a rate of one and one-half times their regular rate of pay for

18  all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

19         70.    Defendant's actions and/or omissions were not in good faith.

20         71.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly

21  and/or recklessly violated the provisions of the FLSA.

22         72.    As a result of Defendant's practices and policies, Plaintiff and other similarly

23  situated employees have been damaged in that they have not received wages, including overtime

1   compensation, due to them pursuant to the FLSA.

2                                   **COUNT TWO**

3                              **(Violation of Nevada Law)**

4        73.    Plaintiff, on behalf of herself and the Nevada Class, realleges and incorporates by

5   reference the foregoing allegations as if fully rewritten herein.

6        74.    NRS § 608.140 provides that an employee has a private right of action for unpaid

7   wages.

8        75.    Pursuant to the Nevada Administrative Code ("NAC"), hours worked includes "all

9   time worked by the employee at the direction of the employer, including time worked by the

10  employee that is outside the scheduled hours of work of the employee." NAC § 608.115(1).

11       76.    NRS § 608.016 states: "An employer shall pay to the employee wages for each hour

12  the employee works."

13       77.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

14  employees for all hours worked, including the time spent engaging in the work activities described

15  herein above, violates Nevada law, including NRS §§ 608.016 and 608.140.

16       78.    NRS § 608.018 provides that employees shall receive overtime pay for hours

17  worked in excess of 40 hours in a workweek.

18       79.    Defendant's practice and policy of not paying Plaintiff and the Nevada Class

19  Members overtime compensation at a rate of one and one-half times their regular rate of pay for

20  all of the hours they worked over 40 in a workweek violates Nevada law, including NRS §§

21  608.018 and 608.140.

22       80.    Defendant's actions and/or omissions were not in good faith.

23       81.    Defendant willfully, knowingly and/or recklessly violated the FLSA and the above

mentioned-provisions of the NRS.

82. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages, including overtime compensation, due to them pursuant to the Nevada law.

**<u>PRAYER FOR RELIEF</u>**

83. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying the Nevada Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D. Award Plaintiff and the classes she represents actual damages for unpaid wages;

E. Award Plaintiff and the classes she represents statutory liquidated damages;

F. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper

1

## JURY DEMAND

2    84.    Pursuant to their rights under the Constitution of the United States, U.S. CONST.

3    amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

Respectfully submitted,

/s/ *Esther C. Rodriguez*
Esther C. Rodriguez, Esq.
Nevada Bar No. 6473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 320-8400
Facsimile: (702) 320-8401
info@rodriguezlaw.com

And

Matthew S. Grimsley, Esq.
(*pro hac vice application forthcoming*)
Anthony J. Lazzaro, Esq.
(*pro hac vice application forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff and Putative Collective
and Class

# EXHIBIT 1

Plaintiff's Consent to Action

# EXHIBIT 1



## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.  In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs.  The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer.  If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

Foundever

Signature:  _Paris McCoy_                          Date:    Jun 28, 2024
            Paris McCoy (Jun 28, 2024 11:35 PDT)

Paris McCoy
2020 Rancho Lake Dr UNIT 203 Las
Vegas, NV 89108
mccoy.paris26@gmail.com